

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
03/12/2008

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: |
| Debtor(s) | § | |
| | § | CHAPTER 7 |
| | § | |
| CUMIS INSURANCE SOCIETY, INC. | § | |
| Plaintiff(s) | § | |
| | § | |
| VS. | § | ADVERSARY NO. 07-3477 |
| | § | |
| RENICE ANNETTA NEWTON | § | |
| Defendant(s) | § | |

**MEMORANDUM OPINION
CONCERNING DISMISSAL OF ADVERSARY PROCEEDING**

Cumis Insurance Society, Inc. ("CUMIS"), seeks a default judgment declaring that the debt owed by Renice Annetta Newton (the "Debtor") is not dischargeable under 11 U.S.C. § 523. Debtor has failed to appear or otherwise defend the adversary proceeding. But Debtor's petition commencing the bankruptcy case under chapter 7 was filed and closed in the United States Bankruptcy Court, District of Kansas, not in this Court. The Court concludes that it does not have jurisdiction over this adversary proceeding and therefore by separate order issued this date the Court dismisses this adversary proceeding.

**I.   FACTS**

The following facts assume, solely for purposes of this decision, that the affidavits and documents attached to CUMIS's motion for entry of default judgment are true.

Prior to 2000, CUMIS issued a fidelity bond insuring 3-C Credit Union against losses relating to employee dishonesty. On October 2, 2000, a loss was discovered, in the amount of $155,150.21, attributable to embezzlement by Renice Newton ("Debtor"). An order was issued March 18, 2001, by the District Court of Montgomery County, Kansas, requiring restitution to CUMIS in the amount of the loss.

Debtor and her husband filed a joint bankruptcy petition initiating a case under chapter 7 of the Bankruptcy Code (Case Number 02-13691) in the United States Bankruptcy Court for the District of Kansas on July 30, 2002. The bankruptcy schedules (at least the bankruptcy schedules filed by CUMIS as exhibits in this adversary proceeding) do not list CUMIS or 3-C Credit Union as creditors. The Court does not have the entire record and does not know whether amended schedules were filed, but somehow 3-C Credit Union was added as a party in interest in the case. Debtor received a bankruptcy discharge on December 5, 2002. The Certificate of

Service of the Bankruptcy Discharge shows service on 3C CU, 504 Union, Coffeyville, KS. (This address is the same one shown on CUMIS' documents as the address for 3-C Credit Union.) The discharge attached to CUMIS' documents does not show service of the discharge on CUMIS.

Debtor's bankruptcy case has been closed.

On February 24, 2006, Debtor and CUMIS entered into a Release, Settlement, and Hold Harmless Agreement. The agreement states:

1. Debtor, as manager of 3-C "had been embezzling money from 3-C Credit Union for approximately fourteen (14) years…"
2. Debtor paid pursuant to a restitution order until June 2005.
3. The amount remaining due under the restitution order was $98,850.00.
4. Debtor agreed to pay to CUMIS 60% of any income tax refund plus $200 per month beginning 3/1/06 until payment of the entire debt.

CUMIS represents that it has had no notice or actual knowledge of Debtor's bankruptcy case in time to file a proof of claim and timely request for a determination of dischargeability of CUMIS' claim.

## II.   THIS ADVERSARY PROCEEDING

CUMIS filed this adversary proceeding in the Southern District of Texas. The record shows that CUMIS served Debtor with the complaint and summons. Debtor did not file any response. The Court required CUMIS to file a motion for entry of default and a separate motion for entry of default judgment. Debtor has not responded to either of those.

In this adversary proceeding, CUMIS seeks a judgment determining that the debt evidenced by the Release, Settlement, and Hold Harmless Agreement was not discharged in the 2002 Kansas bankruptcy case. While CUMIS seems to be entitled to the relief sought, this Court concludes that CUMIS has not satisfied the procedural requirements to obtain the judgment and is simply in the wrong court to satisfy those requirements.

A.   Statutory Authority for Determination of Non-Dischargeability

1.   Bankruptcy Code § 523(a)(11)

In its memoranda of authorities, CUMIS asserts that Debtor's obligation is not dischargeable under Bankruptcy Code § 523(a)(11). That section excepts from discharge certain "debts from fraud or defalcation committed by the debtor while acting in a fiduciary capacity with respect to a depository institution or insured credit union."[1] There is no allegation that 3-C was an insured credit union within the definition of Bankruptcy Code § 101(34) or (35).

---

[1] 4 Collier on *Bankruptcy* ¶ 523.17 (15th ed. rev.).

If CUMIS were entitled to relief under Bankruptcy Code § 523(a)(11), there would be no deadline for bringing that action.[2] And, if so, the action could be brought in any court, not just a bankruptcy court.[3] However, to bring an action for non-dischargeability in the bankruptcy court after a bankruptcy case is closed, the case must first be reopened.[4]

Debtor's bankruptcy case has not been reopened and there is no indication of entitlement to relief under § 523(a)(11).

2.  Bankruptcy Code § 523(a)(4)

In its supplemental brief, CUMIS asserts that it is entitled to relief under Bankruptcy Code § 523(a)(4), relating to debts for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

a.  Deadline for Bringing A Complaint Under § 523(a)(4)

The deadline for bringing a complaint for determination of non-dischargeability under § 523(a)(4) is 60 days after the first date set for the meeting of creditors in the case. FRBP 4007(c). Since the Southern District of Texas is not the court in which the case was pending, this Court does not have the entire record and does not know when that date was. But since the case was closed with issuance of a discharge in 2002, the creditors' meeting must have been held in 2002. The complaint commencing this adversary proceeding was not filed until 2007. Absent some exception, the complaint is time barred.

CUMIS asserts in its supplemental brief that the complaint is not time barred because CUMIS allegedly did not have actual or constructive notice of the deadline in time to file a proof of claim.

i.  *Time For Filing a Proof of Claim*

The deadline for filing a proof of claim is 90 days after the creditors' meeting. FRBP 3002(c). The Court does not have that case record and therefore does not know what that date was. However, if it appears that there were no assets to distribute to creditors in a bankruptcy case, the clerk of court would have notified creditors that claims need not be filed until contrary notice is given and the deadline for filing a proof of claim will be extended to 90 days after that subsequent notice. FRBP 3002(c)(5).[5] Since this case was brought in the District of Kansas, this

---

[2] *Id.*

[3] "Thus, the bankruptcy court has exclusive jurisdiction of dischargeability determination under section 523(c)(2), (4), and (6). For all the other exceptions to discharge enumerated in section 523(a), jurisdiction may be exercised by either the bankruptcy court or the state or other nonbankruptcy court." 4 Collier on *Bankruptcy*, ¶ 523.03 (15th ed. rev.).

[4] Rule 4007(b) of the Federal Rules of Bankruptcy Procedure (FRBP). *See also*, 4 Collier on *Bankruptcy*, ¶ 523.04 (15th ed. rev.): "If a case has been closed, the case may be reopened for the purpose of filing a complaint to determine the dischargeability of a debt, or the issue may be decided in state or other nonbankruptcy court."

[5] The official form promulgated by the Administrative Office of US Courts expressly notifies creditors of these rules.

Court has no information concerning whether this was a "no-asset" case and therefore does not know whether the deadline for filing claims has passed.

### ii.     The Time for Filing a Proof of Claim is Irrelevant to §523(a)(4)

But even if the time for filing a proof of claim has not run, that date is irrelevant to § 523(a)(4) claims of non-dischargeability. The deadline for filing a complaint to determine non-dischargeability under that subsection is 60 days after the first date set for the creditors' meeting, regardless of the deadline for filing proofs of claim. FRBP 4007(b). If the deadline has not run for filing a proof of claim, CUMIS could file its claim, but that would be a useless act because there would be no assets to distribute to creditors. In any event, the deadline for filing a claim and the futility of filing a claim are irrelevant to the deadline for filing a claim of non-dischargeability under § 523(a)(4).

CUMIS is confused by Bankruptcy Code §523(a)(3) which provides that a creditor's claim is not discharged if the creditor was not listed in the schedules and was not aware of the bankruptcy case in time to file a proof of claim. But Bankruptcy Code § 523(a)(3) explicitly excludes § 523(a)(4), and therefore the deadline for filing proofs of claim is absolutely irrelevant to § 523(a)(4).[6]

What CUMIS <u>might</u> want to argue is that it had no knowledge of the filing of the bankruptcy case and therefore application of the 60 day deadline to CUMIS would be unconstitutional as a deprivation of due process. The proof of claim deadline would be irrelevant to that argument.[7]

### b.     Venue for Complaints Under Bankruptcy Code § 523(a)(4)

"[T]he bankruptcy court has exclusive jurisdiction of dischargeability determinations under section 523(a)(2), (4), and (6)."[8] A complaint to determine dischargeability under Bankruptcy Code § 523(a)(4) must be brought in the bankruptcy court where Debtor's case was filed. 28 U.S.C. § 1409. The proper venue, therefore, is the District of Kansas, not the Southern District of Texas.

---

[6] If the Kansas bankruptcy court set a deadline for filing proofs of claim, and if that deadline has run, then CUMIS might very well argue that its claim is not dischargeable under § 523(a)(3). But it has not made that argument in this Court. In addition, this Court has no way of knowing whether the Kansas court set a deadline for filing claims or whether there were assets available for distribution to creditors in that case.

[7] Obviously CUMIS became aware of the bankruptcy case on some date prior to the date that it filed this adversary proceeding. CUMIS has not alleged <u>when</u> or <u>how</u> it became aware of the bankruptcy case. CUMIS has attached to its memorandum a copy of Debtor's bankruptcy schedules, which list neither CUMIS nor 3-C. However, it is common for debtors in bankruptcy to amend schedules or otherwise to give notice of bankruptcy cases to creditors not listed in the original schedules. Since the case was filed in Kansas and has been closed, this Court has no way of knowing whether 3-C or CUMIS was otherwise listed or notified that Debtor had filed a bankruptcy petition. There must have been some event of this nature, however, since 3-C is listed in the proof of service (filed in this case by CUMIS) as a party having been mailed notice of Debtor's discharge.

[8]   4 Collier on *Bankruptcy*, ¶ 523.03.

CUMIS asserts in its memorandum that 28 U.S.C. § 1408 provides for venue in the district in which the debtor resides or has resided. But § 1408 applies to venue for "cases" not venue for "proceedings." A bankruptcy case is the matter that is initiated by the filing of a bankruptcy petition which creates a bankruptcy estate that the bankruptcy court administers and distributes. The bankruptcy case is an agglomeration of contested matters and adversary proceedings that arise under, arise in, or are related to a bankruptcy case.[9] Therefore, venue for this complaint, an adversary proceeding and not a "bankruptcy case," is not proper in the Southern District of Texas.

### c. Waiver of Improper Venue

CUMIS argues in its memorandum that by failing to object to venue, Debtor has waived it. But the Court concludes that for purposes of objections to dischargeability of debt, venue is jurisdictional.[10] Alternatively, venue should be transferred to the District of Kansas in the interests of justice. For purposes of this discussion, the Court will refer to the district where a debtor's bankruptcy case is pending as the "Home Court".

#### i. *Only the Home Court Can Reopen This Closed Case*

As indicated above, to bring an action to determine dischargeability of debts, this bankruptcy case must be reopened. Only the Home Court can do that.

#### ii. *Setting and Extending Deadlines*

The deadline for filing a complaint under § 523(a)(4) is defined by the Home Court sending a notice of the creditors' meeting. FRBP 2002(a). Only the Home Court can extend the deadline. FRBP 4007(c). Since all these records are only available to the Home Court, the action must be brought there.

### d. Even If Not Jurisdictional, The Interests of Justice Dictate Adjudication in the Home Court

The vesting of exclusive jurisdiction over § 523(a)(4) issues in the bankruptcy court, the exceptionally quick deadlines for bringing an action to deny dischargeabilty of a § 523(a)(4) debt, the requirement that an action can only be brought in a case that is open or that has been reopened, and the facility of access to a broad range of information that is principally available to the Home Court all evidence a Congressional and judicial preference and need for adjudication of these issues in the Home Court. Therefore, if this Court could, it would transfer the case to the District of Kansas in the interests of justice. 28 U.S.C. § 1412.

But the bankruptcy case in the Home District is closed. This Court cannot transfer this adversary proceeding.

---

[9] *Compare* 28 U.S.C. § 1334(a) with 28 U.S.C. § 1334(b). *See also, Fuel Oil Supply and Terminaling v. Gulf Oil Corp.*, 762 F.2d 1283, 1287 (5th Cir. 1985) (acknowledging the distinctions Congress has drawn between bankruptcy "cases" and related "adversary proceedings").

[10] *Compare, B. Heller & Co. v. First Spice Mfg. Corp.*, 172 F.Supp. 46 (D.C. Ill. 1959).

### III.  CASE DISMISSED

For all of these reasons, this adversary proceeding is dismissed.  Because the Court concludes that venue is jurisdictional, the case is dismissed for want of jurisdiction.

SIGNED 03/11/2008.

_____
Wesley W. Steen
United States Bankruptcy Judge